IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| LOIS WELLS, | ) | Civil No. 3:10-cv-00428-JE |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION/ORDER |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Tim Wilborn
Wilborn Law Office, P.C.
P.O. Box 2768
Oregon City, OR 97045

    Attorney for Plaintiff

Dwight C. Holton, U.S. Attorney
Adrian L. Brown, Asst. U.S. Attorney
1000 S.W. 3rd Avenue, Suite 600
Portland, OR 97204-2902

FINDINGS AND RECOMMENDATION/ORDER - 1

Kathryn A. Miller
Special Asst. U.S. Attorney
Office of General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-7075

Attorneys for Defendant

JELDERKS, Magistrate Judge:

Following her successful challenge to a final decision of the Commissioner of Social Security finding that she was not disabled, plaintiff Lois Wells seeks an award of attorney fees in the amount of $32,192.86. In her memorandum in support of her application for attorney fees, Plaintiff contends that the court should award that amount if it concludes that the government acted in bad faith in this litigation, and should award attorney fees in the amount of $5,544.62 if it concludes that the government did not act in bad faith.

Plaintiff's application to recover attorney fees in the amount of $32,192.86 should be granted in part and denied in part, and an Order should be entered awarding fees in the amount of $5,544.62.

Plaintiff's motion to strike the Commissioner's sur-reply is also pending, and is denied.

## Background

Plaintiff brought this action challenging the Commissioner's denial of her applications for disability insurance benefits and supplemental security income. In a Findings and Recommendation filed on July 21, 2011, I recommended that the Commissioner's decision be reversed, and that the action be remanded to the Social Security Administration for an award of benefits. The Honorable Anna Brown adopted that recommendation, and entered a judgment on August 31, 2011, granting Plaintiff the relief requested.

FINDINGS AND RECOMMENDATION/ORDER - 2

Plaintiff now seeks an award of attorney fees.

### Discussion

I. **Plaintiff's application for attorney fees**

A. **Standards**

Under certain circumstances, a party that prevails against the United States in a civil action is entitled to recover attorney fees, costs and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. A prevailing party may recover attorney fees only if the position of the United States was not "substantially justified." 28 U.S.C. § 2412(d)(1).

The United States bears the burden of establishing that its position in litigation in which it has not prevailed was "substantially justified." E.g., Barry v. Bowen, 825 F.2d 1324, 1330 (9th Cir. 1987). The government may meet that burden by establishing that its position was " 'justified in substance or in the main'–that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 478 U.S. 552, 565 (1988) (citation omitted). In order to be "substantially justified," a position must have a reasonable basis in both law and fact. Id. In determining whether the government's position was reasonable, a reviewing court must ascertain "first, whether the government was substantially justified in taking its original action; and second, whether the government was substantially justified in defending the validity of the action in court." Kali v. Bowen, 854 F.2d 329, 334 (9th Cir. 1988).

The hourly rate at which attorney fees may ordinarily be recovered by a prevailing plaintiff under EAJA is limited by statute. 28 U.S.C. § 2412(d)(2)(A)(ii). However, under 28 U.S.C. § 28 U.S.C. 2412(b) a prevailing plaintiff may recover attorney fees at "market rates" in cases where the government has acted in "bad faith." Brown v. Sullivan, 916 F.2d

FINDINGS AND RECOMMENDATION/ORDER - 3

492, 495 (9th Cir. 1990). This "bad faith" exception is punitive. Beaudry Motor Co. v. Apko Prop., 780 F.2d 751, 756 (9th Cir. 1986). It is a narrow exception, and applies only where the government has engaged in "vexatious, wanton, or oppressive conduct," and a greater recovery is required "for dominating reasons of justice." Brown, 916 F.2d at 495 (citation omitted).

B. **Analysis**

1. **Plaintiff's claim for market rate fees based upon alleged "bad faith"**

As noted above, Plaintiff contends that she is entitled to recover attorney fees in the amount of $32,192.86 because the Commissioner has acted in bad faith. This amount is based upon 30.9 hours of work by her attorney at a rate of $1,041.48 per hour.

In her opening memorandum in support of her application for attorney fees, Plaintiff asserted that she should recover "market rate" fees because the government was prepared to oppose any award of EAJA fees in this action based upon arguments that "can only be made in bad faith." Subsequent briefing clarified that the "bad faith" to which Plaintiff referred was the government's assertion that, despite a decision in her favor, its position in the underlying action had been "substantially justified."

This contention is plainly incorrect, because there is nothing "vexatious, wanton, or oppressive" in the government's assertion that its position was substantially justified. Not surprisingly, Plaintiff's argument is not supported by any reported decisions that Plaintiff has cited or of which the court is aware. An award of attorney fees at "market rates" is punitive, and the government cannot be punished for merely asserting that its position was substantially justified, or even for continuing to assert that its position in the underlying litigation had been correct. If Plaintiff were correct, prevailing plaintiffs would be entitled to

FINDINGS AND RECOMMENDATION/ORDER - 4

recover attorney fees at "market rates" any time the government opposed an award of EAJA fees or appealed an adverse court decision. My review of EAJA decisions does not support Plaintiff's argument.

2. **Plaintiff's entitlement to recover ordinary EAJA fees**

As noted above, the government bears the burden of establishing that its position in litigation in which it has not prevailed was "substantially justified."  My recommendation that this action be remanded for an award of benefits was based upon my conclusion that the ALJ had failed to provide the support required to reject the opinions of Plaintiff's treating physician, failed to provide the support required to discredit Plaintiff's testimony, and failed to include in his RFC assessment a significant functional limitation assessed by an examining physician.  I have carefully reviewed the parties' contentions here, and have again reviewed both the memoranda filed in the underlying action and my Findings and Recommendation. Based upon that review, I conclude that the government's position in this action was not "substantially justified," as that term is applied in determining whether a prevailing plaintiff is entitled to recover EAJA fees.  In the absence of a proper basis for discounting the treating physician's well supported opinion, the absence of a proper basis for discounting Plaintiff's own credibility, and the absence of an RFC assessment that included all of the functional limitations affecting Plaintiff's ability to perform work the ALJ concluded that Plaintiff could do, the government's conclusion that Plaintiff was not disabled was not substantially justified.

Though the government asserts that Plaintiff is not entitled to recover any EAJA fees, it does not dispute Plaintiff's calculation of the amount she should recover if only "ordinary" EAJA fees are awarded.  I have reviewed Plaintiff's calculations, and am satisfied that both

FINDINGS AND RECOMMENDATION/ORDER - 5

the hourly rates sought and the number of hours for which compensation is requested are appropriate. I therefore recommend that Plaintiff recover attorney fees in the amount of $5,544.62.

II. **Motion to strike sur-reply**

In an Order entered on January 9, 2012, I granted the government's unopposed motion to file a sur-reply addressing Plaintiff's application to recover attorney fees. Plaintiff subsequently moved to strike the government's sur-reply on the grounds that it included "a scandalous, unwarranted, and highly misleading ad hominem attack on Plaintiff's attorney."

In my review of the sur-reply at issue, I have found nothing that can be fairly characterized as an "attack" on Plaintiff's counsel, much less an attack that is scandalous, unwarranted, or highly misleading. I have also reviewed the 9 page memorandum Plaintiff filed in support of her motion to strike the government's sur-reply, which includes several single-spaced pages from the draft of a memorandum that Plaintiff's counsel asserts he intends to file in the appeal of another matter which is pending before the Ninth Circuit Court of Appeals. Nothing in that memorandum identifies material in the government's sur-reply that I find inappropriate or offensive. I therefore deny Plaintiff's motion to strike the sur-reply.

## Conclusion

Plaintiff's application to recover attorney fees (#19) should be GRANTED to the extent that Plaintiff is entitled to recover $5,544.62, and should be DENIED as to the balance of the $32,192.86 that Plaintiff requests.

Plaintiff's motion to strike defendant's sur-reply (#24) is DENIED.

### Scheduling Order

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due March 2, 2012. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 14th day February, 2012.

        /s/ John Jelderks
John Jelderks
U.S. Magistrate Judge

FINDINGS AND RECOMMENDATION/ORDER - 7